

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00049-CR

Anthony **SHIELDS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 980448
Honorable Jason Wolff, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Karen Angelini, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  October 2, 2013

MOTION TO WITHDRAW GRANTED; AFFIRMED

A jury found appellant Anthony Shields guilty of driving while intoxicated.  The trial court placed Shields on probation for a period of one year.  Shields appealed his conviction to this court, and we affirmed the trial court's judgment.  *See Shields v. State*, No. 04-11-00397-CR, 2012 WL 219432, at *3 (Tex. App.—San Antonio Jan. 25, 2012, pet. ref'd) (mem. op., not designated for publication).

Ultimately, the State filed a motion to revoke Shields's probation, alleging he had violated two conditions of his probation: (1) failing to report to his probation officer, and (2) failing to

install an in-home Breathalyzer device within thirty days of being placed on probation. Thereafter, the State filed an amended motion to revoke, adding that Shields failed to complete forty hours of community service.

At the revocation hearing, the State proceeded only on its claim that Shields failed to report to his probation officer. Shields pled true to that allegation. The trial court found the State's allegation true and, in accordance with the plea agreement between the State and Shields, revoked Shields's probation and sentenced him to one hundred and seventeen (117) days in the county jail, with credit for time served. The court also imposed a $2,000.00 fine. In accordance with the agreement, the State dismissed another pending case against Shields. Shields perfected this appeal.

Shields's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable points of error and concludes this appeal is without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel provided proof Shields was given a copy of the brief and motion to withdraw and was informed of his right to review the record and file his own brief. Shields filed a brief on his own behalf in which he alleges his trial counsel was ineffective.

When an *Anders* brief and a subsequent pro se brief are filed, we must review the entire record and determine (1) the appeal is without merit and issue an opinion explaining there is no reversible error, or (2) there are arguable grounds for appeal and issue an opinion remanding the cause to the trial court for appointment of new appellate counsel. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (holding court of appeals may address merits of issues raised by pro se only after any arguable grounds have been briefed by new appointed counsel)).

We have carefully reviewed the record, counsel's brief, and Shields's brief and find no reversible error and agree with counsel the appeal is without merit. *See id.* We therefore grant the motion to withdraw filed by Shields's appointed counsel and affirm the trial court's judgment. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Shields wish to seek further review of this case in the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either the day our judgment is rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Marialyn Barnard, Justice

Do Not Publish